IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RACHEL KATHRYN WHITE,

    Plaintiff,

v.    No. 01-2188 B

SUNBELT RENTALS, INC.,
A North Carolina Corporation,

    Defendant.

---

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE

---

Before the Court is the motion in limine of the Plaintiff, Rachel Kathryn White, filed July 1, 2005. This case involves an on-the-job injury suffered by the Plaintiff during her employment at the Holiday Inn Memphis East hotel. According to the complaint, an employee of the Defendant, Sunbelt Rentals, Inc. ("Sunbelt"), a subcontractor, dropped a 50-pound counterweight through a glass sunroof, striking and injuring the Plaintiff as she worked. In its answer to the amended complaint, Sunbelt averred that White's employer, Holiday Inn and/or its operator, Six Continents (collectively referred to herein as the "Employer"),

> breached its duty of care with respect to its employee by allowing its employees to work underneath the scaffolding that had been erected directly above the employee's place of work when the employee had expressed fear and concern and had asked if it was "safe" to continue to work underneath the scaffold. That the employer knew that the work space was unprotected and that its employees were in danger in the event that anything or anyone fell from the work area above its employees. That the failure of the employer to take measures to protect its employees was the sole, proximate and legal cause of the accident in question, as but for the employee's presence within a zone of danger, the accident never would have happened and the employee would never have sustained any injuries.

In the instant motion, White seeks an order excluding evidence concerning the fault of the Employer, striking the name of the Employer from the jury verdict form, and striking the allegations contained in Sunbelt's answer to the amended complaint as to any fault or conduct of the Employer.

In support of her motion, the Plaintiff refers the Court to two decisions of the Tennessee Supreme Court. In Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996), the court addressed the question of whether a defendant in a personal injury action based on negligence could assert that the plaintiff's injuries were caused by or contributed to by the employer, even though the injuries are covered by the state's workers' compensation law.[1] The court concluded that "the plaintiff's right to recover on allegations of negligence . . . is determined without reference to the employer's conduct," as fault is to be limited to the plaintiff and those against whom she has a cause of action. Ridings, 914 S.W.2d at 83-84.

The following year, the Ridings decision was challenged in Snyder v. LTG Lufttechnische GmbH, 955 S.W.2d 252 (Tenn. 1997). Snyder filed a products liability action against the manufacturer of a machine on which he was injured on the job. Snyder, 955 S.W.2d at 253. The manufacturer, however, contended that the employer's alteration or failure to properly maintain the machine caused the employee's injuries. Id. at 254. The federal district court hearing the case certified the question to the Tennessee Supreme Court in light of Ridings. Id.

The Snyder court rejected the defendant's call for the reversal of its previous decision and noted that in Ridings, as was the case in Snyder, the defendant sought to assess fault to the employer by arguing that its actions were the proximate, legal cause of the employee's injuries. Id. at 256. The

---

[1] The plaintiff could not maintain an action for damages against his employer because of the exclusive remedy provisions of the workers' compensation statutes. See Tenn. Code Ann. § 50-6-108(a).

2

court recognized that "[o]f course, the employer cannot be found to be the proximate, or legal, cause of the plaintiff's injuries because the employer is immune from tort liability under [§ 50-6-108(a)]. By enacting [§ 50-6-108(a)], the legislature has already determined that for policy reasons the employer may not be the legal cause of the plaintiff's injuries." Id. The court went on to say, however, that an employer could be found to have been the *cause in fact* of the plaintiff's injuries.[2] Id. Otherwise, "the defendants would effectively be precluded from presenting a defense." Id. Upon review, the court determined thusly:

> [D]efendants in a suit for personal injuries based on allegations of negligence . . . may introduce relevant evidence at trial that the plaintiff's employer's [conduct] was a cause in fact of the plaintiff's injuries. Put another way, the jury may consider all evidence relevant to the event leading up to the incident that injured the plaintiff. The defendant[] may not, however, ask the jury to assign fault to the employer. That is, the defendant[] may not take the legal position that the employer's actions were the *legal* cause of the plaintiff's injuries. The jury should be instructed that it may consider the actions of the employer only in assessing whether the plaintiff has met his burden of establishing the elements necessary to recover against the defendant[]. Also, the jury should be instructed that it may not, in making that determination, assess fault against the employer. Finally, the trial judge should give an instruction that lets the jury know that the employer's legal responsibility will be determined at a later time or has already been determined in another forum.

---

[2]Cause in fact and proximate cause are separate elements of a negligence claim.

Cause in fact refers to the cause and effect relationship between the defendant's tortious conduct and the plaintiff's injury or loss. Thus, cause in fact deals with the "but for" consequences of an act. The defendant's conduct is a cause of the event if the event would not have occurred but for that conduct. In contrast, proximate cause, or legal cause, concerns a determination of whether legal liability should be imposed where cause in fact has been established. Proximate or legal cause is a policy decision made by the legislature or the courts to deny liability for otherwise actionable conduct based on considerations of logic, common sense, policy, precedent and "our more or less inadequately expressed ideas of what justice demands or of what is administratively possible and convenient."

Id. at 256 n.6 (internal citations omitted).

3

Id. at 256-57 (emphasis added.)

According to the case law, the Defendant is not permitted to posit that any conduct on the part of the Employer was the legal cause of the Plaintiff's injury. Thus, the allegation contained in Sunbelt's answer to the amended complaint to that effect is hereby STRICKEN. Similarly, as the Defendant is precluded from asking the jury to assign fault to the Employer, any reference to Holiday Inn or Six Continents is STRICKEN from the verdict form.

In addition, the Plaintiff's motion to exclude the introduction of any evidence at trial to show that the Employer was a cause in fact of the injury is DENIED. As stated in Snyder, "the jury may consider all evidence relevant to the event leading up to the incident that injured the plaintiff." Id. However, the Court recognizes that the Defendant may not take a legal position that the Plaintiff's injuries were legally caused by the Employer. For example, Sunbelt may not ask the jury to assign fault to the Employer.[3] Id. The argument proffered by the Plaintiff that the evidence should nonetheless be excluded here based on deposition testimony that the Sunbelt employee was not following proper procedure when the counterweight fell and, therefore, that the Defendant was solely responsible for the injury, simply has no basis in law. Indeed, the Plaintiff has not cited to any cases supporting such a position. To find for the Plaintiff would effectively preclude Sunbelt from presenting a defense, an outcome rejected by the Tennessee Supreme Court. See id. at 256. With

---

[3]Contrary to the Defendant's position that the Tennessee Supreme Court's decision in Carroll v. Whitney, 29 S.W.3d 14 (Tenn. 2000) would permit apportionment of fault against an employer in a third-party action by an employee, Carroll specifically carved out an exception for workers' compensation cases. In other words, Carroll confirmed application of the Ridings-Snyder rule to workers' compensation cases and only departed from it to allow a jury to allocate fault to immune nonparties (e.g., resident physicians, who, as employees of a state university, were immune from suit) when a defendant raises the nonparty defense in a negligence action. See Carroll, 295 S.W.3d at 22; see also Curtis v. G. E. Capital Modular Space, 155 S.W.3d 877, 882-83 (Tenn. 2005).

4

all the relevant evidence before it, along with appropriate limiting instructions as set forth in <u>Snyder</u>, the Plaintiff's concerns regarding the assignment of fault to the Employer can no doubt be assuaged. Accordingly, the motion to exclude evidence at trial that the Employer was the cause in fact of the injury is DENIED.

IT IS SO ORDERED this 9th day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 101 in case 2:01-CV-02188 was distributed by fax, mail, or direct printing on August 10, 2005 to the parties listed.

---

James F. Schaeffer
LAW OFFICES OF JAMES F. SCHAEFFER, JR.
2670 Union Ave.
Ste. 1224
Memphis, TN 38112

W. Timothy Hayes
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Ave.
Ste. 300
Memphis, TN 38103

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

James B. Summers
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

Honorable J. Breen
US DISTRICT COURT